Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
Telephone: (907) 258-2000
Facsimile: (907) 258-2001
kclarkson@brenalaw.com

Attorneys for Tesoro Alaska Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TESORO ALASKA COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ST. PAUL FIRE AND MARINE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | Case No. 3:06-CV-00020-TMB |
| _____ ) | |

### [PROPOSED] FIRST AMENDED COMPLAINT
### FOR DECLARATORY AND EQUITABLE RELIEF

Comes now the Plaintiff, Tesoro Alaska Company, by and through counsel, Brena, Bell & Clarkson, P.C., and for its First Amended Complaint against Defendant, St. Paul Fire and Marine Insurance Company, states its allegations as follows:

### PARTIES/JURISDICTION/VENUE

1.   Plaintiff, Tesoro Alaska Company ("Tesoro Alaska"), is a Delaware Corporation with its principal place of business, for purposes of 28 U.S.C. § 1332, in Alaska. Tesoro Alaska is in all ways qualified to maintain this action.

**BRENA, BELL &
CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 1 of 12

2. Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") is a Minnesota Corporation with its principal place of business in St. Paul, Minnesota. St. Paul is subject to the jurisdiction of this court.

3. This is an action for declaratory and equitable relief in the form of contract reformation. This court has jurisdiction over the subject matter of this action based upon diversity of citizenship and the actual ripe controversy existing between Tesoro Alaska and St. Paul, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201. Tesoro Alaska and St. Paul are citizens of different states and the amount or value of the controversy existing between Tesoro Alaska and St. Paul exceeds the jurisdictional limit of this court.

4. Venue in this action is proper in the District of Alaska, pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

5. At all times relevant to the claims stated in this action, Tesoro Alaska has owned and operated a refinery in Kenai, Alaska. Tesoro Alaska manufactures asphalt as part of its refinery operation, and owns and operates an asphalt loading rack that is located at or near the Kenai refinery. The asphalt loading rack is used to load hot asphalt into tanker trailers for delivery to Tesoro Alaska's customers who purchase asphalt.

6. At all times relevant to the claims stated in this action, Wilder Construction Company d/b/a Central Paving Products ("Wilder") purchased asphalt from Tesoro Alaska. Wilder purchased asphalt from Tesoro Alaska under Contract No. 40008078 (hereafter "the Contract").

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 2 of 12

7. Wilder contracted with Doyle's Fuel Service, Inc. ("Doyle's") for pickup and delivery of the asphalt from Tesoro Alaska's asphalt loading rack via tanker trucks that were owned by Weaver Bros., Inc. and leased to Doyle's.

8. The Contract between Tesoro Alaska ("Seller") and Wilder ("Buyer") provides in pertinent part at paragraph 9(c):

> Buyer shall indemnify, defend and hold harmless Seller, its parent and affiliates and their shareholders, officers, directors, employees, representatives and agents and all of them, from and against any and all damages, costs, losses, claims, fines, charges, penalties, judgments, liens, expenses (including attorneys' fees and other defense costs), demands, liabilities and causes of action of every kind and character, including without limitation, those for . . . injury to or death of any person (including Buyer's or Seller's employees), in any way incident to, in connection with, or arising directly or indirectly out of Buyer's or its employee's, contractor's, or agent's actions or omissions in or during the operation or conduct of Buyer's business, the receipt, storage, transportation and use of the Product . . . without regard to the cause or causes thereof or the negligence of any party or parties, except to the extent caused by the sole negligence or willful misconduct of Seller.

9. The Contract between Tesoro Alaska ("Seller") and Wilder ("Buyer") provides further in pertinent part at paragraph 9(f):

> Buyer or Buyer's representative shall carry the following insurance as a condition to entry onto Seller's premises: . . . (2) Commercial General Liability Insurance with minimum limits of $2,000,000 combined single limit per occurrence for bodily injury . . . liability. . . . Such insurance shall be primary coverage, shall include a waiver of subrogation against Seller [Tesoro] and shall name Seller [Tesoro] as an additional insured.

10. At all times relevant to the claims stated in this action, Wilder maintained General Liability Insurance with St. Paul pursuant to Policy No. KK08400407 (hereafter "the Policy"). Wilder obtained "ADDITIONAL PROTECTED PERSONS ENDORSEMENT – CONTRACTORS GENERAL LIABILITY – INCLUDING COMPLETED WORK" (Endorsement No. GO3222)

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 3 of 12

(hereafter "the Endorsement") from St. Paul. Wilder requested the Endorsement with the reasonable expectation that the Endorsement would add Tesoro Alaska to the Policy consistent with the Contract within the specific commercial Buyer/Seller context in which Wilder and Tesoro Alaska interact. By way of the Endorsement, Wilder contracted with St. Paul to add Tesoro Alaska to the Policy consistent with the Contract within the specific commercial Buyer/Seller context in which Wilder and Tesoro Alaska interact. Reasonably expecting and understanding the Endorsement to satisfy Wilder's contractual obligation to Tesoro Alaska, Wilder forwarded the Endorsement to Tesoro Alaska as a representation that Wilder had complied with paragraph 9(f) of the Contract and had added Tesoro Alaska as an additional insured to the Policy.

11. When read reasonably and so as to have meaning and effect within the specific commercial Buyer/Seller context in which Wilder and Tesoro Alaska interact, the Endorsement adds Tesoro Alaska as an additional insured to the Policy. The Endorsement provides in pertinent part:

> This endorsement changes your Contractors Commercial General Liability Protection. . . .
>
> How Coverage is Changed. There are two changes which are described below.
>
> 1. The following is added to the Who is Protected Under This Agreement section. This change adds certain protected persons and limits their protection.
>
> **Additional protected person.** The person or organization named below is an additional protected person as required by a contract or agreement entered into by you. . . .
>
> **Person Or Organization**: Any person or organization that you agree in a written contract or agreement to add as an additional protected person. But we won't apply this endorsement to your maintenance, operation, or use of equipment leased from that person or organization. Instead, we'll apply the Equipment Lessor's section to them. . . .

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 4 of 12

   2. The following is added to the Other primary insurance section. This change broadens coverage.

   We'll consider this insurance to be primary to and non-contributory with insurance issued directly to additional protected persons listed below if:

   •   your contract specifically requires that we consider this insurance to be primary or primary and non-contributory.

   •   you request before a loss that we consider this insurance to be primary or primary and non-contributory insurance.

By way of the Endorsement, Tesoro Alaska was added as an additional insured to Wilder's policy except with respect to Wilder's "maintenance, operation, or use of equipment leased from that person or organization [Tesoro Alaska]." Tesoro Alaska at all times reasonably expected and understood that the Endorsement added Tesoro Alaska as an additional insured to Wilder's policy except with respect to Wilder's "maintenance, operation, or use of equipment leased from that person or organization [Tesoro Alaska]."

   12.   At all relevant times, when preparing and issuing the Endorsement, St. Paul reasonably understood that the Endorsement accomplished fulfilling Wilder's contractual obligations to Tesoro Alaska and added Tesoro Alaska as an additional insured to Wilder's policy except with respect to Wilder's "maintenance, operation, or use of equipment leased from that person or organization [Tesoro Alaska].

   13.   The Contract required Wilder to obtain waivers of subrogation against Tesoro Alaska. Pursuant to the Contract, Wilder waived subrogation against Tesoro Alaska, Wilder agreed to obtain waivers of subrogation from its insurer, St. Paul, when obtaining the general liability insurance

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 5 of 12

required by the Contract, and the Policy and the Endorsement issued by St. Paul to Wilder accomplish the waiver of subrogation.

14. Larry D. Rogers ("Rogers") was a truck driver employed by Doyle's. As a truck driver employed by Doyle's, Rogers drove an asphalt tanker truck that was owned by Weaver Bros., Inc. and leased to Doyle's. Doyle's and Weaver Bros. are two related companies owned by the Doyle family that operate in Kenai, Alaska.

15. On the morning of October 6, 2004, Rogers arrived at Tesoro Alaska's asphalt loading rack and began loading two connected tanker trailers.

16. The October 6, 2004, Truck Manifest related to the asphalt load that Rogers was picking up indicates that he was picking up "Elevated Temperature Base Asphalt" under Contract No. 40008078. The Truck Manifest indicates that Wilder was the "Customer" who was purchasing the asphalt that Rogers was loading. The October 6, 2004 Bill of Lading, signed by Rogers, is a Weaver Bros., Inc. Uniform Straight Bill of Lading, and is signed by Rogers for Weaver Bros., Inc., as the "Carrier". The Contract No. 40008078 referenced in the Truck Manifest is the Contract between Tesoro Alaska and Wilder.

17. Subsequently, on the morning of October 6, 2004, Rogers was found lying on the grating of the upper level of the asphalt loading rack near the Driver's Room door, bleeding from a wound on his head. Rogers died later that day.

18. On June 3, 2005, Bonnie L. Rogers ("B. Rogers"), the surviving spouse and Personal Representative of the Estate of Larry D. Rogers, filed an action in the Superior Court for the State of Alaska, Third Judicial District at Kenai, Case No. 3KN-05-388 Civil, against Tesoro Alaska and

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 6 of 12

Shawn Brown ("Brown"), alleging negligence related to the death of Rogers (hereafter "B. Rogers' claims"). B. Rogers alleged in her complaint that Brown was an employee and/or agent of Tesoro Alaska working in the position of pipeline and terminals manager.

19. B. Rogers' claims against Tesoro Alaska and Brown fall squarely within the parameters of Wilder's indemnity obligations under the Contract, and St. Paul's insuring obligations under the Policy and the Endorsement. Tesoro Alaska, therefore, timely tendered B. Rogers' claims referenced above separately to both Wilder and St. Paul. Tesoro Alaska tendered B. Rogers' claims to Wilder pursuant to Wilder's express contractual indemnity obligation set forth in paragraph 9(c) of the Contract. Tesoro Alaska tendered B. Rogers' claims to St. Paul pursuant to Tesoro Alaska's status as an additional insured under the Policy and the Endorsement.

20. St. Paul undertook to respond to both of Tesoro Alaska's separate tenders. St. Paul responded to Tesoro Alaska's indemnity tender as an agent of and on behalf of Wilder, pursuant to rights of subrogation. St. Paul responded to Tesoro Alaska's insurance tender on behalf of itself. At all times relevant to this action, St. Paul provided liability insurance coverage to Wilder that covers Wilder's contractual indemnity obligation to Tesoro Alaska with respect to B. Rogers' claims. St. Paul, on behalf of Wilder, agreed to some degree to honor Wilder's indemnity and hold harmless obligation to Tesoro Alaska regarding B. Rogers' claims. St. Paul expressly refused to honor its insuring obligations to Tesoro Alaska as an additional insured on the Policy issued by St. Paul to Wilder.

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 7 of 12

21. Tesoro Alaska undertook to defend the case brought by B. Rogers with independent counsel of Tesoro Alaska's choosing and has incurred, and continues to incur, costs and attorney's fees in defending against B. Rogers' claims.

## COUNT 1 – DECLARATORY RELIEF
### [ST. PAUL'S INSURING OBLIGATION TO TESORO ALASKA]

22. Tesoro Alaska incorporates herein the allegations stated above.

23. An actual ripe controversy exists between Tesoro Alaska and St. Paul regarding Tesoro Alaska's right to insurance coverage regarding B. Rogers' claims as an additional insured under the Policy and the Endorsement.

24. Tesoro Alaska is entitled to a declaratory judgment against St. Paul declaring (a) Tesoro Alaska's status as an additional insured under the Policy and the Endorsement; and (b) St. Paul's obligation to provide insurance coverage, both defense and indemnity, to Tesoro Alaska and Brown with respect to B. Rogers' claims.

## COUNT 2 – DECLARATORY RELIEF
### [TESORO ALASKA'S RIGHT TO SELECT ITS OWN INDEPENDENT LEGAL COUNSEL TO DEFEND IT AGAINST B. ROGERS' CLAIMS]

25. Tesoro Alaska incorporates herein the allegations stated above.

26. St. Paul, on behalf of Wilder, accepted Tesoro Alaska's indemnity tender of B. Rogers' claims but reserved the right to deny indemnity to Tesoro Alaska, and reserved the right to seek reimbursement of defense costs and attorney's fees incurred in the case brought by B. Rogers from Tesoro Alaska, in the event that Rogers' injury and death is determined to have been caused by the sole negligence of Tesoro Alaska. St. Paul, on behalf of Wilder, also reserved the right to deny indemnity to Tesoro Alaska, and reserved the right to seek reimbursement of defense costs and

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 8 of 12

attorney's fees incurred in the case brought by B. Rogers from Tesoro Alaska, in the event that Rogers' injury and death are determined to have resulted from Tesoro Alaska's willful misconduct.

27. Despite the above-referenced reservations, St. Paul, on behalf of Wilder, has asserted either (a) a right to control the selection of Tesoro Alaska's defense counsel in the case brought by B. Rogers; and/or (b) a right to deny Tesoro Alaska the selection and use of Tesoro Alaska's own independent defense counsel in the case brought by B. Rogers.

28. An actual ripe controversy exists between Tesoro Alaska and St. Paul regarding Tesoro Alaska's right to control the selection of Tesoro Alaska's independent defense counsel in the case brought by B. Rogers.

29. Tesoro Alaska is entitled to a declaratory judgment against St. Paul declaring (a) Tesoro Alaska's right to select and control Tesoro Alaska's independent defense counsel in the case brought by B. Rogers, with the defense in the case to be provided at St. Paul's expense, pursuant to St. Paul's insuring obligations to Wilder regarding Wilder's contractual indemnity obligations to Tesoro Alaska; and (b) Tesoro Alaska's right to reimbursement from St. Paul for defense costs and attorney's fees incurred and paid in the case brought by B. Rogers, from the inception of that case to its ultimate conclusion, together with pre-judgment interest at the legal rate.

30. Tesoro Alaska is also entitled to a declaratory judgment against St. Paul declaring Tesoro Alaska's right to select and control Tesoro Alaska's independent defense counsel in the case brought by B. Rogers in the event that (a) St. Paul's direct insuring obligation to Tesoro Alaska pursuant to the Policy and the Endorsement is declared in this action, and (b) St. Paul reserves rights

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 9 of 12

against Tesoro Alaska with respect to its direct insuring obligation to Tesoro Alaska regarding B. Rogers' claims.

## COUNT 3 – REFORMATION OF THE INSURANCE CONTRACT
### [MUTUAL MISTAKE OF FACT]

31. Tesoro Alaska incorporates herein the allegations stated above.

32. St. Paul issued the Endorsement to Wilder for the benefit of Tesoro Alaska as an additional insured by and through St. Paul's authorized agent, Parker, Smith & Feek ("PS&F"), an insurance broker. St. Paul's authorized agent, PS&F, understood that the Endorsement provided to Tesoro Alaska the additional insured protection that Wilder was obligated to provide to Tesoro Alaska under the Contract. St. Paul's authorized agent, PS&F, represented to Wilder and Tesoro Alaska that the Endorsement provided to Tesoro Alaska the additional insured protection that Wilder was obligated to provide to Tesoro Alaska under the Contract.

33. In the event that the Endorsement does not provide additional insured status and coverage to Tesoro Alaska under Wilder's Policy, then in that event the Endorsement (a) does not conform to the actual intentions of Wilder, Tesoro Alaska and St. Paul; and/or (b) by reason of a mutual mistake the Endorsement does not conform to the mutual understanding of Wilder, Tesoro Alaska and St. Paul.

34. Based upon the actual understandings, intentions, mutual agreements, and mutual mistakes referenced in paragraphs 32 and 33 above, the Endorsement should be reformed to accomplish the fulfillment of Wilder's contractual obligation to Tesoro Alaska under the Contract to provide additional insured coverage to Tesoro Alaska regarding various claims, including but not limited to the Rogers claim.

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 10 of 12

WHEREFORE, Tesoro Alaska prays for judgment in its favor and against St. Paul as follows:

1.      For a declaratory judgment declaring Tesoro Alaska's status as an additional insured under the Policy and the Endorsement;

2.      For a declaratory judgment declaring St. Paul's obligation to provide insurance coverage, both defense and indemnity, to Tesoro Alaska and Brown with respect to B. Rogers' claims;

3.      For a declaratory judgment declaring Tesoro Alaska's right to select and control Tesoro Alaska's independent defense counsel in the case brought by B. Rogers, with the defense in the case to be provided at St. Paul's expense, pursuant to St. Paul's insuring obligations to Wilder regarding Wilder's contractual indemnity obligations to Tesoro Alaska;

4.      For a declaratory judgment declaring Tesoro Alaska's right to reimbursement from St. Paul for defense costs and attorney's fees incurred through Tesoro Alaska's independent counsel and paid in the case brought by B. Rogers, from the inception of that case to its ultimate conclusion, together with pre-judgment interest at the legal rate;

5.      For a declaratory judgment declaring Tesoro Alaska's right to select and control Tesoro Alaska's independent defense counsel in the case brought by B. Rogers in the event that (a) St. Paul's direct insuring obligation to Tesoro Alaska pursuant to the Policy and the Endorsement is declared in this action, and (b) St. Paul reserves rights against Tesoro Alaska with respect to its direct insuring obligation to Tesoro Alaska regarding B. Rogers' claims;

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 11 of 12

      6.      For equitable relief in the form of reformation of the Endorsement so as to match the actual mutual intentions and understandings of Wilder, Tesoro Alaska, and St. Paul by and through its authorized agent PS&F;

      7.      For Tesoro Alaska's costs and attorney's fees incurred in this action as allowed by applicable law; and

      8.      For such other and further relief that the court deems just and equitable.

DATED this _____ day of August, 2006.

              BRENA, BELL & CLARKSON, P.C.
              Attorneys for Plaintiff
              Tesoro Alaska Company

By    /s/ Kevin G. Clarkson
       ABA No. 8511149
       310 K Street, Suite 601
       Anchorage, AK 99501
       (907) 258-2000 - Telephone
       (907) 258-2001 - Facsimile
       E-mail: kclarkson@brenalaw.com

**Certificate of Service**

I hereby certify that on August 23, 2006,
a copy of the foregoing document was served
electronically upon:

(Attorney for St. Paul Fire & Marine)
Earl M. Sutherland, Esq.
601 Union Street, Suite 1500
Seattle, WA 98101-1363
E-mail: esutherland@rmlaw.com

  /s/ Kevin G. Clarkson

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Tesoro Alaska Company v. St. Paul Fire and Marine Insurance Co.
[PROPOSED] FIRST AMENDED COMPLAINT
Page 12 of 12