Earl M. Sutherland, Esq.
REED MCCLURE
Two Union Square
601 Union Street, Ste. 1500
Seattle, WA 98101-1363

Attorneys for St. Paul Fire and
Marine Insurance Company

HONORABLE TIMOTHY M. BURGESS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TESORO ALASKA COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>Defendant. | NO. 3:06-CV-00020 (TMB)<br><br>DEFENDANT'S OPPOSITION TO MOTION TO AMEND COMPLAINT |

St. Paul Fire and Marine Insurance Company ("St. Paul") opposes the motion to amend the complaint by Tesoro Alaska Company ("Tesoro"). The proposed amendment amounts to a claim to reform an existing contract between St. Paul and its insured Wilder Construction Company ("Wilder") by a stranger to the contract. The amendment would be futile under the undisputed facts. The motion to amend should be denied.

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court, while recognizing that F.R.Civ.P. 15(a) uses the terms "freely given" with respect to leave to amend, held that futility of amendment was a reason to disallow a proposed amendment. The Ninth Circuit law recognizes the trial court should not grant a

DEFENDANT'S OPPOSITION TO MOTION
TO AMEND COMPLAINT - 1

067690 094243\#135595

REED McCLURE
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152


motion to amend where it would be futile to do so. *Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995). On the undisputed facts of this case, the amendment proposed by Tesoro could not withstand a motion to dismiss. *See, id.;* cases collected in 6 C.A.Wright, A.Miller, M.K.Kane, FEDERAL PRACTICE AND PROCEDURE, § 1487 at 643-44 n. 26 (1990).

Based on the allegations of Tesoro's proposed complaint, the subject insurance contract is between Wilder and St. Paul. *See* proposed amended complaint at ¶ 10. Wilder and Tesoro entered into an asphalt purchase contract. *See id.* at ¶¶ 6, 8, 9. In particular, the contract provided:

> **Buyer or Buyer's representative shall carry the following insurance as a condition to entry onto Seller's premises**: (1) Worker's Compensation Insurance and Employer's Liability Insurance to cover statutory limits of the Worker's Compensation Laws of the state where delivery takes place; (2) **Commercial General Liability Insurance with minimum limits of $2,000,000 combined single limit per occurrence for bodily injury and property damage liability**; and (3) Automobile bodily injury and property damage liability insurance with minimum limits of $2,000,000 combined single limit per occurrence, covering all owned and non-owned, hired vehicles. **Such insurance shall be primary coverage, shall include a waiver of subrogation against Seller and shall name Seller as an additional insured**. Buyer or Buyer's representative shall furnish a certificate of insurance to Seller prior to entering Seller's premises, which certificate should contain a provision stating the issuing company will endeavor to give Seller ten (10) days prior written notice in event of cancellation or material change in the insurance.

*See id.* at ¶ 9 (the full text of the provision is quoted here, with emphasis added).

On February 9, 2004, Tesoro sent a letter to Wilder quoting this paragraph and requesting that Wilder's insurance agent forward a certificate of insurance "as outlined above." Letter from Randy Christian of Tesoro to Dave Dickhaus of Wilder, as faxed from Wilder to Parker Smith and Feek, attached as Exhibit A. Wilder's insurance broker, Parker Smith and Feek, provided the certificate. *See,* excerpt of the deposition of Shelley Cardiel of Parker Smith and Feek, page 120 lines 19-25, attached as part of Exhibit B ("That's the first

DEFENDANT'S OPPOSITION TO MOTION
TO AMEND COMPLAINT - 2

067690 094243\#135595

REED McCLURE
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152

time we were ever asked and the first time, to my knowledge, that a certificate was ever issued to Tesoro.") The endorsement was provided and Wilder through its contractor Doyle's was granted permission to enter the premises of Tesoro thereafter, including the day of the accident. *See* proposed amended complaint at ¶¶ 7, 14, 15.

At the time that Tesoro and Wilder entered into the asphalt sales contract and at the time Tesoro called the insurance requirements in the contract to the attention of Wilder, the insurance policy between St. Paul and Wilder existed. Mr. Mike Fallon of Wilder explained:

```
                              23
    21  Q   Did you ever see this February 9, 2004, letter
    22      from Mr. Christian to Mr. Dickhaus in or around
    23      February 2004?
    24  A   No.
    25  Q   When's the first time you saw this letter?

                              24
     1  A   Sometime after August 1 of 2005.
     2  Q   Is that typical that on occasion someone else
     3      within Wilder would take it upon themselves to
     4      communicate directly with Parker, Smith & Feek --
     5  A   That's expected.
     6  Q   -- about the acquisition of insurance?
     7  A   You call it "the acquisition." I don't know I
     8      would call it the acquisition. That's already a
     9      feature of our policy, so we're not acquiring
    10      anything additional.
```

Excerpts of Fallon deposition attached as Exhibit C.

The insurance policy contained the blanket additional protected persons endorsement that is the subject of Tesoro's proposed reformation. The endorsement provided in pertinent part:

> 1. The following is added to the Who Is Protected Under This Agreement section. This change adds certain protected persons and limits their protection.

DEFENDANT'S OPPOSITION TO MOTION
TO AMEND COMPLAINT - 3

067690 094243\#135595

REED McCLURE
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152

> **Additional protected person.** The person or organization named below is an additional protected person as required by a contract or agreement entered into by you.
>
> \* \* \*
>
> 2. The following is added to the Other primary insurance section. This change broadens coverage.
>
> We'll consider this insurance to be primary to and non-contributory with the insurance issued directly to additional protected persons listed below if:
>
> your contract specifically requires that we consider this insurance to be primary or primary and non-contributory;
>
> \* \* \*
>
> **Person or Organization:**
>
> Any person or organization that you agree in a written contract or agreement to add as an additional protected person.

Proposed amended complaint at ¶ 11.

Thus, Tesoro was named as an additional protected person under Wilder's insurance policy with St. Paul since Tesoro was an "organization that [Wilder] agree[d] in a written contract or agreement to add as an additional protected person." Wilder through its insurance broker Parker Smith and Feek provided the requested certificate of insurance to Tesoro with a copy of the language of the endorsement. The endorsement, however, contains limiting language which St. Paul contends precludes coverage under the particular facts and circumstances of the accident involved in this case. The endorsement provides coverage only for "covered injury or damage arising out of your [Wilder's] work for that person or organization [Tesoro]." *Id.* It is not alleged that Wilder was doing any work for Tesoro.

St. Paul controlled the terms of the insurance contract, not Wilder's broker, Parker, Smith and Feek, as its representative has explained:

> 128
> 19  Q. Okay. So, to your experience, we wouldn't find a G0322

DEFENDANT'S OPPOSITION TO MOTION
TO AMEND COMPLAINT - 4

067690 094243\#135595

**REED McCLURE**
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900  FAX (206) 223-0152

```
20   form that had the name of a person or organization rather
21   than this blanket language?
22 A. Not that I'm aware of, no.
23 Q. All right. And it is your testimony that Parker, Smith &
24   Feek doesn't create this endorsement with the typewritten
25   language?
                          129
 1 A. The language comes from the underwriter.
                          142
 6 Q. Physically creating this policy to transmit to Wilder, is
 7   that something that is done by Parker, Smith & Feek or is
 8   it done by St. Paul and then transmitted to Parker, Smith &
 9   Feek, the actual physical forms?
10 A. Policy issuance, including all the forms and endorsements,
11   is undertaken by the carrier and then the carrier provides
12   usually at least two copies, an insured's original and an
13   agent's copy.
```

Excerpts of the deposition of Shelley Cardiel of Parker Smith and Feek, attached as part of Exhibit B.

There is no evidence whatsoever that St. Paul made any mistake in issuing the endorsement to the Wilder policy which was passed on to Tesoro. The claim for reformation should not be allowed under these circumstances. The law in Alaska is clear:

> [R]eformation of a contract is proper when "it is alleged that the instrument does not conform to the actual intentions of the parties." Moreover, reformation is justified when the parties have come to a complete mutual understanding of all the essential terms of their bargain, but by reason of mutual mistake the written agreement is not in conformity with such understanding. Thus, in determining whether to reform a contract, the parties' intentions are dispositive. The party wishing to reform the contract bears the burden of establishing through clear and convincing evidence that the omission was a mutual mistake.

*Simmons v. Insurance Co. of N. Am.*, 17 F.3d 56, 63 (Alaska 2001)(internal citations omitted).

DEFENDANT'S OPPOSITION TO MOTION
TO AMEND COMPLAINT - 5

067690 094243\#135595

REED McCLURE
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152

Tesoro has not pleaded and cannot prove any mistake on the part of St. Paul, a party to the insurance policy. The proposed amendment to state a claim for reformation must fail. The motion should be denied.

DATED this 18th day of September, 2006.

        REED McCLURE

        /s/ Earl M. Sutherland
        Earl M. Sutherland   ABA #8111132
        Two Union Square
        601 Union Street, Ste. 1500
        Seattle, WA  98101-1363
        Email: esutherland@rmlaw.com

        Attorneys for St. Paul Fire and Marine Insurance Company

DEFENDANT'S OPPOSITION TO MOTION
TO AMEND COMPLAINT - 6

067690 094243\#135595

REED McCLURE
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152

## CERTIFICATION OF SERVICE

I, Lisa Bass, hereby certify as follows:

I am employed in the County of King, State of Washington, I am over the age of 18 and not a party to the within action. My business and place of employment is REED McCLURE, Two Union Square, 601 Union Street, Suite 1500, Seattle, Washington, 98101.

On September 18, 2006, I electronically filed the following documents:

(1) **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**; and (2) (this) **CERTIFICATE OF SERVICE**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEY FOR PLAINTIFF:**
Kevin G. Clarkson
310 K. Street, Suite 601
Anchorage, Alaska 99501
907-258-2000
Email: kclarkson@brenalaw.com

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 18th day of September, 2006, at Seattle, Washington.

Lisa Bass, Legal Secretary
REED McCLURE
601 Union Street, Ste. 1500
Seattle, WA 98101-1363
Tel: 206/292-4900
Fax: 206/223-0152
Email: lbass@rmlaw.com

DEFENDANT'S OPPOSITION TO MOTION
TO AMEND COMPLAINT - 7

067690 094243\#135595

REED McCLURE
ATTORNEYS AT LAW
TWO UNION SQUARE
601 UNION STREET, SUITE 1500
SEATTLE, WASHINGTON 98101-1363
(206) 292-4900 FAX (206) 223-0152